IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Richard Theriot, | ) |
| *Plaintiff*, | ) |
| | ) No. 10 CV ____ |
| -vs- | ) |
| | ) (jury demand) |
| Sheriff of Cook County and Cook County, Illinois, | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Richard Theriot is a resident of the Northern District of Illinois.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). In

addition, defendant Cook County may be responsible for the policies complained of herein.

5. In each year following the amendment to the Rehabilitation Act in the Civil Rights Restoration Act of 1987, Pub.L. No. 100-259, 102 Stat. 28, and in each year following the reissuance on August 26, 2003 of the regulations implementing the Rehabilitation Act, 68 Fed.Reg. 513264, 51335, each defendant has received federal financial assistance.

6. Plaintiff was processed into the Cook County Jail as a pre-trial detainee on April 28, 2008.

7. At the time he was processed into the Jail, plaintiff was substantially limited compared to most people in the distance he could walk because of the amputation of a portion of his left foot.

8. In April of 2008, it was obvious to the Sheriff of Cook County and to Cook County, Illinois:

    a. That persons with physical disabilities were being processed into the Cook County,

    b. That among those with physical disabilities were persons who were substantially limited compared to most people in the distance he (or she) could walk, and

    c. That such persons were likely to suffer personal injuries if required to walk long distances without an assistive device, such as a cane, walker, or wheelchair.

9. Notwithstanding the obvious need for a policy to accommodate persons being processed into the Jail who required an assistive device to walk a long distance, defendants Sheriff of Cook County or Cook County, Illinois failed to take any action to accommodate the disability of such persons.

10. While being processed into the Jail, plaintiff informed intake personnel that he had trouble walking because of the amputation of a portion of his left foot.

11. As the result of the above described policy, plaintiff was not provided with a device to assist him in walking, such as a cane, walker, or a wheelchair and incurred personal injuries when he was required to walk long distances as part of the intake procedure to the Jail.

12. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in his favor and against defendants in an amount in excess of one hundred thousand dollars as compensatory damages, and that the costs of this action,

including reasonable attorneys' fees be taxed against defendant Cook County.

/s/ Kenneth N. Flaxman

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey, Ltd.
10249 South Western Avenue
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*